Robert E. Trop – SBN 027856
**Law Office | Robert Evan Trop PLLC**
4742 N. 24th Street, Suite 300
Phoenix, Arizona 85016
Tel.: (480) 347-4848
Fax: (800) 741-2209
robert@troplaw.net

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristin Ekstrom, | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Gruber Technical, Inc. and Gruber Industries, Inc., | |
| Defendant. | |

Plaintiff, Kristin Ekstrom, for her complaint against Defendants, by and through her attorney, Law Office of Robert Evan Trop PLLC, alleges as follows:

**INTRODUCTION**

1. This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, for employment discrimination on the basis of sex (female-pregnancy), for acts that resulted in discrimination that affected the terms, conditions or privileges of Plaintiff's employment.

- 1 -

2. After Plaintiff opposed the unlawful conduct, she suffered acts of reprisal, including being unlawfully terminated from her employment, and so Plaintiff brings a claim for retaliation.

3. Pursuant to Title VII, Plaintiff seeks back pay, front pay, and compensatory damages for humiliation, damage to her reputation, inconvenience, mental anguish, and loss of enjoyment of life.

4. Plaintiff seeks punitive damages for the wanton and intentional violation of her rights by Defendants.

## JURISDICTION

5. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343, by Section 706 of the Civil Rights Act of 1964, as amended [42 U.S.C. § 2000e-5(f)(1)], and by Section 102 of the Civil Rights Act of 1991 [42 U.S.C. § 1981a].

## ADMINISTRATIVE PROCEDURE

6. All conditions precedent to the filing of this action have been met by Plaintiff in that she filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and has filed this action within 90 days of receiving a right-to-sue notice from the EEOC.

7. The Court has jurisdiction over the Defendants because the alleged incidents occurred within the district of this Court.

## VENUE

8.  Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b). The unlawful employment practices alleged herein were committed within the jurisdiction of this District Court.

## PARTIES

9.  Plaintiff is a citizen of the United States and Arizona, and at all times material herein, Plaintiff resided in and continues to reside in the jurisdictional district of this Court.

10. Defendant Gruber Technical, Inc., is a subsidiary of Defendant Gruber Industries, Inc., the parent company. (Collectively referred to as "Gruber" *infra*).

11. Gruber is a global power company that manufactures and sells power protection equipment such as uninterruptible power sources.

12. Upon information and belief, the parent company and the subsidiary are operationally and financially entangled, and the parent company exercises control over the employees of the subsidiary.

13. Gruber is located at 21439 N. 2nd Avenue, Phoenix, Arizona 85027, and is an employer within the meaning of 42 U.S.C. § 2000e(b).

## FACTS

14. Plaintiff was hired by Defendant, Gruber Technical on June 19, 2018, as a Sales Seeker.

15. Plaintiff was promoted in September 2018 to Account Manager.

16. On September 12, 2018, Plaintiff went to a site visit in Holbrook, Arizona, with a co-worker, Steve Worthington ("Worthington").

17. At the outset of the trip, Plaintiff disclosed to Worthington that she was pregnant and felt a little nauseous as a result.

18. During the trip, Worthington stated, in sum and substance: "How many times are you going to need to pee?" (mocking her because pregnant women sometime have urinate more frequently).

19. During the trip, Worthington stated, in sum and substance: "You are going to be forgetful because you are pregnant, and that will affect your ability to work."

20. During the trip, Worthington stated, in sum and substance: "You are not going to be able to focus on your job because you are pregnant."

21. On the return trip, Worthington made Plaintiff listen to a sexually offensive podcast after she objected to it.

22. On September 13, 2018, Plaintiff reported Worthington's unlawful conduct to her supervisor, Janie Herndon ("Herndon").

23. Herndon did nothing about Worthington's conduct.

24. But after Plaintiff reported to Worthington's conduct to Herndon, she moved Worthington's location on the company floor to directly behind Plaintiff.

25. After Worthington's desk was placed directly behind Plaintiff, he continued to make offensive statements about Plaintiff's pregnancy.

- 4 -

26. After Worthington's desk was placed directly behind Plaintiff, Worthington stated, in sum and substance: "You don't remember that because you are pregnant."

27. After Worthington's desk was placed directly behind Plaintiff, Worthington stated, in sum and substance: "How are you feeling today?" (in a mocking tone referring to her pregnancy).

28. After Worthington's desk was placed directly behind Plaintiff, Worthington stated, in sum and substance, in a mocking tone: "Are you going to be able to work today?" (implying Plaintiff could not work because she was pregnant).

29. After Worthington's desk was placed directly behind Plaintiff, Worthington stated, in sum and substance: "You don't belong here" (in a mocking tone because she was pregnant).

30. In November 2018, Plaintiff complained a second time to Herndon about Worthington's continued pregnancy harassment.

31. In response to Plaintiff's complaint, Herndon threatened Plaintiff with a demotion.

32. Once again, nothing was done regarding Worthington's unlawful conduct.

33. Herndon then used another employee to alter Plaintiff's accounts to make it appear that Plaintiff was not meeting job goals.

34. Plaintiff confronted the person who was altering her accounts, Samantha Shores ("Shores").

35. Shores confirmed that Herndon directed Shores to go into Plaintiff's accounts to alter the records to make it appear that Plaintiff was not meeting job goals.

36. Herndon admitted directing Shores to meddle with Plaintiff's accounts in the computer system.

37. Herndon then confronted Plaintiff about questioning Shores about going into the accounts on the computer system.

38. During this confrontation, Herndon informed Plaintiff she would be demoted to minimum wage.

39. Plaintiff was earning $20.00 per hour plus commission before the demotion.

40. Plaintiff then asked to speak to upper management.

41. In response to that request, Herndon terminated Plaintiff from employment.

42. The actions of Defendant were done intentionally.

43. The actions of Defendant were done with malice and/or reckless indifference to the federally protected rights of Plaintiff.

///

///

///

///

## CLAIMS

## COUNT I

### *Civil Rights Act of 1964 & 1991*

### *(Discrimination Based Upon Sex [Female-Pregnancy])*

44.  Plaintiff realleges and incorporates by reference all allegations set forth in each of the preceding paragraphs of the Complaint.

45.  The conduct described is unlawful because 42 U.S.C. § 2000e-2 provides in part that it "shall be unlawful to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, sex, or national origin."

46.  The PDA amended Title VII of the Civil Rights Act of 1964, and makes discrimination on the basis of pregnancy, childbirth, or related medical conditions unlawful sex discrimination under Title VII.

47.  The conduct of Defendant's employees and Plaintiff's superiors, and more particularly, Worthington and Herndon, took place in the course and scope of their employment.

48.  The conduct of Defendant constitutes discrimination based upon sex in violation of the Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

49. The conduct of Defendant's employees was intentional and demonstrated a willful, wanton and/or reckless indifference to the rights of the Plaintiff such that punitive damages should be assessed against the Defendant.

50. As a direct and proximate result of the discrimination against plaintiff based upon her sex (female-pregnancy) that affected Plaintiff's compensation, terms, conditions, and privileges of employment, Plaintiff suffered and endured humiliation, damage to her reputation, inconvenience, mental anguish, loss of enjoyment of life, and loss of income/benefits.

## Count II

### *Civil Rights Act of 1964 & 1991*

### *(Retaliation)*

51. Plaintiff realleges and incorporates by reference all allegations set forth in each of the preceding paragraphs of the Complaint.

52. Defendant intentionally retaliated against Plaintiff, in violation of Title VII, because Plaintiff opposed unlawful discrimination by reporting a complaint/grievance to Defendant for conduct that Plaintiff reasonably believed was discriminatory.

53. As a direct and proximate result of the retaliation by Defendant, Plaintiff suffered and endured humiliation, damage to her reputation, inconvenience, mental anguish, loss of enjoyment of life, and loss of income/benefits.

## JURY DEMAND

54. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues so triable.

**WHEREFORE,** Plaintiff respectfully requests the Court to:

A. Declare that Plaintiff has suffered acts of discrimination as a result of Defendant's conduct based upon Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991;

B. Pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, award Plaintiff compensation for front pay, back pay, and loss of fringe benefits, the exact amount to be determined at trial;

C. Pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, award Plaintiff compensatory damages for the humiliation, damage to her reputation, inconvenience, mental anguish, and loss of enjoyment of life, that she has experienced and endured as a result of the unlawful discriminatory actions of Defendant towards her, the exact amount to be determined at trial;

D. Assess punitive damages against Defendant as a result of its willful, wanton and/or reckless indifference to Plaintiff's civil rights under Title VII.

E. Declare that Plaintiff suffered from reprisal under Title VII as a result of opposing unlawful discrimination by reporting a complaint/grievance

with Defendant for conduct that Plaintiff reasonably believed was discriminatory;

F.     Award Plaintiff compensation for front pay, back pay, and loss of fringe benefits, for the acts of reprisal taken against her due to her filing a complaint/grievance against Defendant for unlawful employment discrimination in violation of Title VII, the exact amount to be determined at trial;

G.     Award Plaintiff compensatory damages for the acts of reprisal taken against her due to her filing a complaint/grievance against Defendant for unlawful employment discrimination in violation of Title VII, the exact amount to be determined at trial;

H.     An award of reasonable attorney's fees;

I.     For the costs to prosecute the action; and

J.     Such other and further relief as this Court may deem just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 16th day of December, 2019.

**Law Office | Robert Evan Trop PLLC**

By: s/ *Robert E. Trop*
    Robert E. Trop – SBN 027856
    Attorney for Plaintiff